Morris M. Goldings with whom Richard S. Jacobs and Mahoney, Hawkes & Goldings were on brief for appellant.

Brien T. O'Connor, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief for appellee.

Before BOUDIN, Circuit Judge,
KEETON * and MCAULIFFE,** District Judges.

PER CURIAM.

Simon Fireman and Aqua–Leisure Industries, Inc., 85 percent of which is owned by Fireman, pled guilty on October 23, 1996, to

---

**UNITED STATES of America, Appellee,**

v.

**AQUA–LEISURE INDUSTRIES, INC., Defendant, Appellant.**

No. 98–1120.

United States Court of Appeals,
First Circuit.

Heard June 3, 1998.

Decided Aug. 10, 1998.

---

\* Of the District of Massachusetts, sitting by designation.

\*\* Of the District of New Hampshire, sitting by designation.

numerous counts of campaign finance law violations. *See* 2 U.S.C. § 441(f), 437g(d), and 441(a)(1). At the same time, the defendants presented separate binding plea agreements entered into with the government. Fed.R.Crim.P. 11(e)(1)(C). It appears, and certainly is not disputed, that the recommended sentences were well below what could have been imposed under the statutes and sentencing guidelines.

Under Fireman's written plea agreement, he agreed to pay a fine of $1 million and serve six months of confinement; whether the confinement was to be at home or in federal prison was a disputed issue reserved for the judge. As for Aqua–Leisure, its written plea agreement provided that it would pay a fine of $5 million. The government also agreed to drop many of the counts against Fireman personally.

During the plea and sentencing hearing, the prosecutor explained that the bargained for fines reflected a discount because the government could collect a substantial portion from "the parties … right up front…." The court was told that Fireman owned 85 percent of the stock of Aqua–Leisure, and Fireman's counsel told the court that the $5 million fine on Aqua–Leisure was "in essence" a "personal fine" of Fireman as well. The court imposed on Fireman a $1 million fine and six months of home confinement; and it imposed on Aqua–Leisure a $5 million fine.

More than a year later, on November 29, 1997, Aqua–Leisure filed a so called "Motion for Offset of Fine" citing U.S.S.G. § 8C3.4. That provision provides that a court "may" offset (*i.e.*, reduce) the fine imposed on a closely held corporation when one or more individuals, each an owner of at least a 5 percent interest, has been fined for the same offense conduct for which the organization is being sentenced. The purpose of Aqua–Leisure's motion for offset of fine was to obtain a reduction of the fine still owed by Aqua–Leisure corresponding to 85 percent (Fireman's share of Aqua–Leisure) of

the $1 million fine already paid by Fireman. The district court denied the motion without explanation on December 10, 1997, and thereafter denied a motion for reconsideration. Aqua–Leisure now appeals.

■ The district court had no authority to grant Aqua–Leisure's motion. A lawful sentence, lawfully imposed, becomes final when judgment is entered; and Fed. R.Crim.P. 35 was deliberately amended to restrict the opportunity for a district judge to revisit thereafter a lawful sentence lawfully imposed. *See* 3 Wright, *Federal Practice and Procedure* §§ 585.1, 585.2, 586–87 (1998 Supp.). The occasions on which such a sentence may be later reduced are narrowly defined and irrelevant here.[1]

The situation is more complicated where a sentence is illegal, or has been illegally imposed, or both. In these circumstances, Rule 35 provides for correction of the sentence by the district court within 7 days for "arithmetical, technical, or other clear error"; and, of course, an unlawful sentence may be corrected after remand. Fed.R.Crim.P. 35(a), (c). Whether and to what extent an unlawful sentence or one unlawfully imposed may be attacked under 28 U.S.C. § 2255 or habeas corpus is a separate issue with complexities of its own. However, none of these avenues has the slightest bearing on this case or provides the district court with any authority to reduce Aqua–Leisure's fine.

The guideline section relied upon by Aqua–Leisure specifies, as already noted, that the court "may"—not must—offset the fine imposed on a close corporation. U.S.S.G. § 8C3.4. Here, the separate fines with no explicit offset were set forth in the plea agreements; the district judge was aware of Fireman's 85 percent ownership; and there was no request for offset at the time of sentence. Even now, Aqua–Leisure is unable to point to any legal error in the failure to afford an offset or any plausible basis for district court authority to reduce, over a year later, a lawful sentence lawfully imposed.[2]

---

1. *E.g.,* Fed.R.Crim.P. 35(b) (substantial assistance); 18 U.S.C. § 3573 (fine reduction on motion by the government); 18 U.S.C. § 3582 (imprisonment reduction on motion of the Bureau of Prisons or because of retroactive change in guidelines).

2. Apparently, in the district court Aqua–Leisure cited cases involving motions under Fed.

Affirmed.

Concurrence follows.

KEETON, District Judge, concurring.

Although I agree that the occasions on which an allegedly duplicative fine imposed on a corporate entity "may be later reduced are narrowly defined," Per Curiam Opinion at 96 and n. 1, respectfully I do not join in the conclusion that they are irrelevant here. Instead, I concur because, first, in my view the district court had jurisdiction to consider whether petitioner had succeeded in showing exceptional circumstances "seriously affect[ing] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting *United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)); *United States v. Romano,* 137 F.3d 677, 682 (1st Cir.1998). And second, in my view, the district court correctly decided that the petitioner failed to meet this burden in this case.

R.Crim.P. 41(e) for the return of seized property, a procedure that has no conceivable relevance to Aqua–Leisure's motion to alter the sentence.

Aqua–Leisure has not troubled to cite those cases to us and for good reason.