Rogers, Scott                                    CV-97-300-SD   10/27/98
                   UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Scott N. Rogers

        v.                                    Civil No. 97-300-SD

United States of America


                              O R D E R

        This matter is before the court on a motion for a

certificate of appealability (COA).


1.   Background

        In May 1990, a jury convicted Scott N. Rogers on a single-

count indictment which charged him with being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g).  He

was subsequently sentenced to the mandatory 15-year term of

imprisonment directed by 18 U.S.C. § 924(e)(1).

        Movant's challenge to his conviction was upheld on appeal.

United States v. Rogers, 41 F.3d 25 (1st Cir. 1994), cert.

denied, 515 U.S. 1126 (1995).[1]  Claiming ineffective assistance

of counsel, he filed a petition under 28 U.S. § 2255 on June 16,

_____

        [1]It is undisputed that in these proceedings the date of
finality of conviction was June 5, 1995.

1997.[2]  On May 7, 1998, he moved to amend his petition, claiming a right to have his federal sentence run concurrently to a state sentence which was imposed subsequent to the federal sentence.

By order of May 13, 1998 (document 19), the court found the section 2255 motion to be untimely filed and dismissed same for lack of prosecution.[3]  Rogers then moved to alter or amend judgment, and the court, by order of August 13, 1998 (document 23), denied this relief, treating the claim as one seeking reduction of sentence.

---

[2]As amended by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA), a statute enacted on April 24, 1996, 28 U.S.C. § 2255 now contains a one-year statute of limitations, the period of which is to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3]The court also ruled moot all pending motions.

## 2. Discussion

The issuance of a COA requires "a substantial showing of the denial of a constitutional right." Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2). Smith v. United States, 989 F. Supp. 371, 374 (D. Mass. 1997).

Movant's initial challenge is to the court's finding that the one-year statute of limitations of 28 U.S.C. § 2255, as extended by a twelve-month grace period to April 24, 1997, barred his June 16, 1997, filing as untimely. The majority of the courts of appeal which have considered the matter have applied such twelve-month grace period. See United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998); Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998); O'Connor v. United States, 133 F.3d 548, 550 (7th Cir. 1998); Calderon v. United States Dist. Ct. for the Central Dist. of Cal., 128 F.3d 1283, 1287 (9th Cir. 1997); United States v. Simmonds, 111 F.2d 737, 745-46 (10th Cir. 1997).[4] Accordingly, the court finds that there is not a substantial showing of the denial of a constitutional right with respect to the time limitations of 28 U.S.C. § 2255, and denies a

---

[4]Movant misplaces reliance on Peterson v. Demskie, 107 F.3d 92 (2d Cir. 1997), where the court held that a state prisoner who had had several years in which to bring his habeas corpus action should not be accorded a full year from the enactment date of AEDPA, but that consideration of a "reasonable time" made timely his filing 72 days after the date of enactment of AEDPA.

COA with respect movant's challenges to the holding that his initial section 2255 petition was untimely.

There is more merit to movant's second challenge, which is to the effect that, discovered only within the "due diligence" portion of the time limitations of 28 U.S.C. § 2255,[5] movant's federal sentence is not to run, as he and the sentencing state authorities expected, concurrently with his federal sentence. Rogers claims that he is entitled to a <u>correction</u> of sentence in this instance. The court, treating Rogers' motion to amend as an attempt at <u>reduction</u> of sentence, denied relief following the ruling set forth in <u>United States v. Aqua-Leisure Indus., Inc.</u>, 150 F.3d 95, 96 (1st Cir. 1998).

The court finds that the issue concerning whether Rogers is entitled to a consecutive or concurrent sentence comprises a substantial question of a denial of a federal constitutional right which demonstrates issues which are "debatable among jurists of reason;" that the court could resolve the issues differently; or that the question is "adequate to deserve encouragement to proceed further." <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983).

Accordingly, the court finds that a COA, limited to the issue of whether movant is entitled to raise the issue of whether

---

[5] <u>See</u> <u>supra</u>, note 2, subsection 4.

his sentence should run concurrently and not consecutively, should be and herewith is issued.

3.  Conclusion

For the reasons herein outlined, the court has found movant is not entitled to a COA on the issue of the timeliness of filing of his initial section 2255 petition, but that he is entitled to such a COA, limited to the issue of whether his federal sentence should be adjusted to run concurrently rather than consecutively.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

October 27, 1998

cc:  Gordon R. Blakeney, Jr., Esq.
     Peter E. Papps, Esq.
     US Marshal
     US Probation

5