**UNITED STATES of America**

v.

**Shawn POELLNITZ, Appellant.**

**No. 06–3027.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 2, 2007.

Filed Dec. 6, 2007.

Robert L. Eberhardt, Laura S. Irwin, Office of United States Attorney, Pittsburgh, PA, for United States of America.

Kimberly R. Brunson, Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

Before RENDELL, WEIS and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellant Shawn Poellnitz ("Poellnitz") appeals a 30–month term of imprisonment imposed by the United States District Court for the Western District of Pennsylvania. Poellnitz contends that the District Court clearly erred (1) when it determined that the Government proved by a preponderance of the evidence that the relevant conduct to which Poellnitz did *not* plead guilty was closely related to the scheme of criminal conduct for which he *did* plead guilty; and (2) when it included the dollar amounts representing the relevant conduct in the amount of loss sentencing calculation. Poellnitz requests that we vacate his sentence and remand for resentencing so that the District Court can recalculate the amount of loss for sentencing purposes. For the reasons stated below, we will affirm.

## DISCUSSION[1]

On September 28, 2005, Poellnitz pled guilty to all twelve counts of a twelve-count grand jury indictment.[2] The indictment charged Poellnitz with seven counts of theft of government property in violation of 18 U.S.C. § 641, based upon his use of checks drawn on a closed bank account to purchase postage stamps at various post offices. The indictment also charged Poellnitz with five counts of bank fraud in violation of 18 U.S.C. § 1344(1), based upon Poellnitz's presentation of counterfeit checks to various financial institutions.

Although Poellnitz admitted only to the conduct charged in the indictment, leading to a $7,361.75 amount of loss calculation, the District Court was presented with evidence regarding various other counterfeit checks that were not charged in the indictment, but that the Government attributed to Poellnitz. At sentencing, the District Court termed all of the uncharged counterfeit checks as "relevant conduct" and added their value to the amount of loss calculation, for a total amount of loss in excess of $30,000, but less than $70,000 (*i.e.*, $39,004.99).[3]

On appeal, Poellnitz argues that the Government did not prove, by a preponderance of the evidence, that both sets of

---

1. As we write for the benefit of the parties alone, we need not undergo a detailed recitation of the facts.

2. Poellnitz's guilty plea was not the result of a plea agreement.

3. The District Court specifically stated:

I think that the evidence I have heard here today, from my review of all the submissions, all the exhibits, all the information in the report, does convince me, by a preponderance of the evidence, that the relevant conduct set forth in the presentence report and testified here today, is closely related to the scheme of criminal conduct for which the defendant was indicted and to which he pled guilty. So, I do find that it is relevant conduct for the purpose of calculating loss. (App.298–99).

checks were part of a common criminal scheme. Consequently, Poellnitz contends that the unindicted conduct was not "relevant conduct" and thus should not have been included in the amount of loss calculation. We review a district court's determination of sentencing facts for clear error. *Grier*, 475 F.3d at 569. As recognized by Poellnitz, the standard of proof for facts relevant to sentencing is preponderance of the evidence.[4] *United States v. Grier*, 475 F.3d 556, 565 (3d Cir.2007) (en banc) (holding that preponderance of the evidence standard of proof applies to the determination of all facts relevant to the application of guideline enhancements).

We find that the District Court did not clearly err in its determination, based on the preponderance of the evidence, that Poellnitz's relevant conduct involved at least $30,000 in loss. The Government presented testimony from three witnesses in support of its argument that the uncharged relevant conduct should be included in the amount of loss calculation, including the testimony of a Secret Service agent who stated that the relevant conduct checks, like the checks for which Poellnitz had been indicted, were drawn on accounts with the same fictitious name, "Major Sportsland." Moreover, not only were the unindicted checks and the indicted checks similar in physical appearance, but the Government identified multiple common factors of time, method, and victims to show that the checks for which Poellnitz was indicted and the checks for which Poellnitz was not indicted were all part of a the same "course of conduct" or "common scheme or plan." *See* U.S.S.G. § 1B1.3(a)(2). The evidence contained in the PSI Report, the exhibits attached to the Government's Sentencing Memoranda, and the testimony presented at sentencing were sufficient for the District Court to reach its conclusion. We find no reason to disturb it.

## CONCLUSION

For the reasons set forth above, we will affirm the judgment of the District Court.

---

4. Preponderance of the evidence is defined as follows:

Is it more likely that something happened than not? Sometimes lawyers and judges explain preponderance of the evidence ... by making the analogy to a scale, a simple scale; and they say, look at the evidence in favor of the proposition ...; and then look at the evidence against that proposition. And then whichever side preponderates or tips, that is where you should abide your decision.

*United States v. Santos*, 932 F.2d 244, 248 (3d Cir.1991).