# United States Court of Appeals
## For the First Circuit

No. 06-2655

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN BORRERO-ACEVEDO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Lynch, Chief Judge,
O'Connor,* Associate Justice,
and Torruella, Circuit Judge.

Johnny Rivera González for appellant.
Thomas F. Klumper, Assistant United States Attorney, with whom
Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson
Pérez-Sosa, Assistant United States Attorney, were on brief for
appellee.

July 10, 2008

*     The Hon. Sandra Day O'Connor, Associate Justice (Ret.) of
the Supreme Court of the United States, sitting by designation.

**LYNCH**, **Chief Judge**.  We apply, for the first time, the Supreme Court's recent plain error decisions to a defendant's unpreserved claim of Rule 11(b)(1)(N) error as to a waiver of appeal clause at the change-of-plea hearing.  See United States v. Dominguez Benitez, 542 U.S. 74 (2004); United States v. Vonn, 535 U.S. 55 (2002); cf. United States v. Teeter, 257 F.3d 14 (1st Cir. 2001).

In doing so, we join the other circuits to have considered the question and hold that the plain error standard applies to unpreserved claims of violations of Fed. R. Crim. P. 11(b)(1)(N), albeit our understanding of the plain error rule seems to differ from some.  See, e.g., United States v. Murdock, 398 F.3d 491, 496 (6th Cir. 2005); United States v. Arellano-Gallegos, 387 F.3d 794, 797 (9th Cir. 2004).  The defendant must show, as part of his demonstration that his substantial rights were affected, a reasonable probability that he would not have entered the plea had the error not been made.

We conclude that defendant has not met his burden, and the waiver of appeal clause at issue here is to be enforced.  As a result, we do not reach defendant's underlying arguments that the plea is invalid for other reasons.

I.

On July 20, 2005, in a one-count indictment covering him and eleven co-defendants, Juan Borrero-Acevedo was charged with

-2-

conspiracy to possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. The indictment identified Borrero as one of the suppliers for the conspiracy's drug points. After initially pleading not guilty, Borrero filed a motion to change his plea, which was referred to a magistrate judge.

The change-of-plea hearing was conducted on June 9, 2006, by a magistrate judge. Borrero entered a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B) and an agreement with the government. The plea agreement stated, and the government testified at the hearing, that at trial the government would have presented evidence establishing that, from 1999 to the date of the indictment, the defendant participated in the distribution of cocaine and heroin in the La Via sector at Aguadilla, Puerto Rico. During this time, defendant was considered a supply source for heroin in La Via and was involved in at least one drug transaction there. He conspired to sell between 700 grams and one kilogram of heroin in furtherance of the conspiracy.

Borrero benefitted from the plea agreement he had reached with the government. Based on the charges in the indictment, Borrero was subject to a minimum ten-year sentence. Pursuant to the plea agreement, the government recommended an eighty-seven month prison term, which was the sentence the court imposed. The

plea agreement contained a simple and easily understood waiver of appeal. This waiver stated: "The defendant hereby agrees that if this Honorable Court accepts this agreement and sentences him according to its terms and conditions, defendant waives and surrenders his right to appeal the judgment and sentence in this case."

In 1999, Congress added to Rule 11 what would become section (b)(1)(N), which requires the court both to inform the defendant of and to determine that the defendant understands "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."[1] Fed. R. Crim. P. 11(b)(1)(N). The purpose of the amendment was to ensure that waivers of appellate rights are knowing and voluntary. See id. 11 advisory committee's note ("1999 Amendments"). When Rule 11(b)(1)(N) was added, it became subject to the terms of Fed. R. Crim. P. 11(h) that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights."

---

[1]   The provision states:

> Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed. R. Crim. P. 11(b)(1)(N).

-4-

This language is similar to the harmless error rule in Fed. R. Crim. P. 52(a).

It is undisputed here that the magistrate judge failed to comply with the requirements of Rule 11(b)(1)(N) during the colloquy with the defendant at the change-of-plea hearing. The prosecutor also failed to point out the waiver during the colloquy.[2]

Borrero could have attempted, based on this omission, to withdraw his guilty plea in the trial court before sentencing. See id. 11(d)(2)(B). Had he done so, he would have had to show only a "fair and just reason for withdrawal." Id.; see also, e.g., United States v. Newbert, 504 F.3d 180, 183-84 (1st Cir. 2007) (affirming decision of trial court not to enforce waiver of rights where defendant had been permitted to withdraw his plea under Rule 11(d)(2)(B)). Having raised the omission for the first time on appeal, Borrero faces a much tougher standard.

Borrero argues that the magistrate judge's failure to ask him specifically about the waiver of appeal means that he is not bound by this waiver. Not so.[3] Borrero's primary argument is that

_____

[2] As a matter of efficiency and securing finality, prosecutors would be well-advised to call such omissions to the attention of the court at change-of-plea hearings.

[3] In its initial brief, the United States took the position that because there had been no mention of the appellate waiver at the plea colloquy, the waiver could not be enforced. This court is not bound by a party's concessions. See United States v. Mescual-Cruz, 387 F.3d 1, 8 n.2 (1st Cir. 2004). The court directed the

-5-

it would be unjust to hold him to the waiver of appeal because this would block him from making his argument on the merits, which is that insufficient attention was paid to whether his plea was voluntary given that it was part of a package deal and he might have been coerced into pleading guilty by a co-defendant.

## II.

Vonn resolved a circuit split[4] on the standard for evaluating Rule 11 errors. It held that a defendant who has not preserved his claim of Rule 11 error and wishes to be relieved of his guilty plea on appeal must satisfy the plain error standard of Fed. R. Crim. P. 52(b). Vonn, 535 U.S. at 58-59.

In order to show plain error, a defendant must demonstrate that there is "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.' If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Johnson v. United States, 520 U.S. 461, 467 (1997)

---

parties to file supplemental briefs on the waiver issue, calling their attention to the case law on point. Thereafter, the United States filed a supplemental brief reversing its position and arguing that defendant was bound by his appellate waiver because he had not met the third prong of the plain error test.

[4] Before Vonn, this court had held that unpreserved claims of Rule 11 error were subject to plain error review under Rule 52(b), and not harmless error review. See United States v. Gandia-Maysonet, 227 F.3d 1, 5 (1st Cir. 2000). Vonn agreed with the position. Vonn, 535 U.S. at 61, 62 n.4.

(quoting United States v. Olano, 507 U.S. 725, 732 (1993)) (alterations in original).

As we noted in United States v. Mescual-Cruz, 387 F.3d 1 (1st Cir. 2004), the decision in Vonn also clarified two areas as to application of the plain error rule to Rule 11 errors. First, the burden is on the defendant to make the required showings. Id. at 7. As Vonn noted, this placement of burdens is necessary to give the defendant an incentive to bring an obvious Rule 11 error to the court's attention when it occurs. Vonn, 535 U.S. at 73. Second, an appellate court may consider the whole record when considering the effect of the Rule 11 error on defendant's substantial rights, and not simply the record of the plea colloquy. Mescual-Cruz, 387 F.3d at 7.

Vonn, by its terms, is not restricted to particular types of Rule 11 errors. This court has applied Vonn's plain error rule to claimed Rule 11 errors regarding defendant's understanding of his possible sentencing exposure, United States v. Jimenez, 512 F.3d 1, 3 (1st Cir. 2007); defendant's understanding of the charges and the factual basis for the plea, United States v. Smith, 511 F.3d 77, 85 (1st Cir. 2007); defendant's understanding of a package plea agreement, Mescual-Cruz, 387 F.3d at 7; and a lack of explanation of the interstate commerce elements of the crime to which defendant was pleading guilty, United States v. Cruz-Rivera, 357 F.3d 10, 12-13 (1st Cir. 2004). As we read Vonn, it provides

no basis for applying a standard other than plain error to a court's failure to address a waiver of appeal (or a waiver of the right to collaterally attack a sentence) as required by Rule 11(b)(1)(N). Indeed, other circuits have applied the plain error test articulated in Vonn to claims involving violations of Rule 11(b)(1)(N). See, e.g., United States v. Sura, 511 F.3d 654, 658 (7th Cir. 2007); Murdock, 398 F.3d at 496; Arellano-Gallegos, 387 F.3d at 796; United States v. Edgar, 348 F.3d 867, 871 (10th Cir. 2003).

In Dominguez Benitez, the Supreme Court set the standards that a defendant complaining of an unpreserved Rule 11 error must meet on the third prong of the plain error test. In Dominguez Benitez, the judge had failed to warn the defendant, as required by Fed. R. Crim. P. 11(c)(3)(B), that he could not withdraw his plea if the court did not accept the government's sentencing recommendation, an obvious error. Dominguez Benitez, 542 U.S. at 78. The question on which the Court granted review was the showing that must be made by a defendant alleging a violation of Rule 11 under the plain error standard. The Court held that a defendant is "obliged to show a reasonable probability that, but for the [Rule 11] error, he would not have entered the plea." Id. at 76; see also Hill v. Lockhart, 474 U.S. 52, 59 (1985) (to demonstrate prejudice in an ineffective assistance of counsel claim, defendant must "show that there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").  It is not enough to ask whether the defendant understood the rights at issue when he entered his guilty plea; courts must consider the effect of an omitted warning on the defendant's decision to plead guilty.  Dominguez Benitez, 542 U.S. at 84.  The Court also stated that the defendant's showing of prejudice should be causally tied to the precise Rule 11 error alleged.  Id. at 85.  The Court did not suggest it would vary the rule depending on the type of Rule 11 violation alleged.

The "reasonable probability" standard for showing prejudice on plain error review of Rule 11 violations is less onerous than a requirement that a defendant prove by a preponderance of the evidence that but for the error, things would have been different.  See id. at 83 n.9.  One rationale for using the "reasonable probability" standard for Rule 11 plain error review, instead of a more burdensome standard, may be the recognition that a defendant will "rarely, if ever be able to obtain relief for Rule 11 violations under [28 U.S.C.] § 2255." Id.; see also Vonn, 535 U.S. at 63-64; United States v. Timmreck, 441 U.S. 780, 783-84 (1979).

We have enforced the Dominguez Benitez rule before in considering unpreserved claims that the district court committed Rule 11 error in accepting a plea.  See, e.g., United States v. Caraballo-Rodriquez, 480 F.3d 62, 76 (1st Cir. 2007); United States

v. Matos-Quiñones, 456 F.3d 14, 23 (1st Cir. 2006); United States
v. Delgado-Hernandez, 420 F.3d 16, 28 (1st Cir. 2005).

III.

The question here is not whether the waiver of appeal clause in the plea agreement was initially valid, but whether defendant, who could have but did not raise the issue in the district court, where it could easily have been remedied, has met the plain error standard.

Applying Vonn, it is clear that the defendant has established the first two prongs of the plain error rule. The magistrate judge committed error in his failure to comply with the clear terms of Rule 11(b)(1)(N), and that error was both obvious and plain. Murdock, 398 F.3d at 497; Edgar, 348 F.3d at 871-72; accord Teeter, 257 F.3d at 24.

The third prong of the test asks whether defendant has shown that his substantial rights were affected. We start the analysis of the third prong with the plea agreement and the plea colloquy. Relevant considerations include, inter alia, the clarity of the plea agreement itself, defendant's signature on the agreement and his attestations, defendant's statements at the change-of-plea hearing, statements by counsel for both the defendant and the government at the hearing, and the nature of the questioning done by the judge at the hearing.

The waiver of appeal clause was clear and self-evident on its face. Borrero initialed every page of the plea agreement and signed his name at the bottom to indicate that he had "read the Plea Agreement and carefully reviewed every part of it with my attorney," and that he fully understood and was voluntarily agreeing to it.

At the plea colloquy, Borrero stated that he was thirty-eight years old, had an eleventh grade education, was mentally competent, and was suffering from no disability. Borrero also stated affirmatively that (a) he had the opportunity to review and discuss the plea agreement with his attorney; (b) he did not need additional time to discuss the agreement with his attorney; (c) he understood all the terms of the plea agreement and no one had made any promises to him that were not contained in the agreement; (d) he understood that the court could accept or reject the agreement, that sentencing was within the court's discretion, and what the statutory minimum and maximum penalties were; and (e) he had discussed with his attorney and understood that he was waiving various constitutional rights. Additionally, his attorney stated that Borrero was fully competent; that he had met with Borrero on multiple occasions to discuss the case and his defense; and that he had provided a sentence-by-sentence translation of the plea agreement into Spanish for Borrero.

As to Borrero's burden to show prejudice, we look to the "entire record, not to the plea proceedings alone." Dominguez Benitez, 542 U.S. at 80; see also Caraballo-Rodriquez, 480 F.3d at 76. Here the government had a strong case and Borrero had compelling reasons to make a deal and reduce his sentencing exposure. Borrero received the exact sentence recommended by the plea agreement. Borrero, with good reason, does not even attempt an argument that he would not have entered the plea had he been aware he was waiving his appellate rights. Indeed, it is hard to see how the omission of the appellate waiver warning from the bench had any effect on his decision to plead guilty. See Dominguez Benitez, 542 U.S. at 85; Caraballo-Rodriquez, 480 F.3d at 76. Whether or not Borrero's decision to plead guilty was foolish (and it does not seem to be), the "point . . . is not to second-guess a defendant's actual decision." Dominguez Benitez, 542 U.S. at 85.

Some courts have held that where there is no discussion of an appellate waiver clause at the plea hearing and there is an absence of "any indication on the record that the defendant understood that he had a right to appeal and he was giving up that right," that will suffice to satisfy the third prong of the plain error test. Murdock, 398 F.3d at 497; see also Arellano-Gallegos, 387 F.3d at 797 (same). This view is, we think, inconsistent with both Vonn and Dominguez Benitez. It is defendant's burden to show that the waiver of appellate rights was deficient and that he would

otherwise not have pled guilty. If the record contains no evidence in defendant's favor, his claim fails. See Dominguez Benitez, 542 U.S. at 82; Vonn, 535 U.S. at 62-63; cf. Edgar, 348 F.3d at 872-73.

There may well be cases where a defendant can show he did not understand that he was waiving his appellate rights, and that had he understood the appellate waiver clause, he would not have pled guilty. A panel in the Seventh Circuit, over a dissent, found that to be the situation in United States v. Sura, which also involved a Rule 11(b)(1)(N) error. But there were other indicia in that case not present here: the seventy-one-year-old defendant, who was undergoing mental health treatment, gave confused responses to the district court, and the appellate court said it doubted, on the record, whether he would have entered the plea "had he realized that he was losing his chance to challenge the district court's sentencing decision, which was based primarily on crimes unrelated to the crime of conviction and gave little weight to Sura's individual circumstances." Sura, 511 F.3d at 662. Nothing of the sort exists here. Borrero has not shown that he did not know or understand that he had waived his appellate rights or that he would not have pled guilty had he realized he was waiving his appellate rights.

We do not reach Borrero's underlying merits argument about this being a package plea. "[A]n inquiry into the merits is exactly what a waiver of appeal blocks." Id. at 668 (Easterbrook,

J., dissenting).  As the Supreme Court said in Dominguez Benitez, relief from a guilty plea "will be difficult to get, as it should be."  Dominguez Benitez, 542 U.S. at 83 n.9.

There is one final point.  In light of Vonn and Dominguez Benitez, one might question what is left of this circuit's former rule on enforceabililty of waiver of appeal clauses, announced in United States v. Teeter.  In Teeter, we held that pre-sentence waivers of appellate rights were valid in theory, but given the attendant dangers, we would require such waivers to meet stringent conditions:

> Our basic premise, therefore, is that if denying a right of appeal would work a miscarriage of justice, the appellate court, in its sound discretion, may refuse to honor the waiver.  As a subset of this premise, we think that the same flexibility ought to pertain when the district court plainly errs in sentencing.

Teeter, 257 F.3d at 25 (footnote omitted); see also Newbert, 504 F.3d at 189 (Boudin, J., concurring) (defendant may be relieved of a waiver of the right to appeal by district judge where enforcing the waiver would effect a miscarriage of justice).

More precisely, the question after Vonn and Dominguez Benitez is whether there is any discretionary power left in this court to decline to enforce a waiver of appeal clause where we conclude that enforcing the waiver would be a miscarriage of justice.  The question may well be a hypothetical one; it is not

-14-

clear such situations would exist where a defendant could not also meet all four prongs of the plain error rule.

In <u>Timmreck</u>, the Supreme Court left room for a defendant on collateral review to show that the Rule 11 proceeding either constituted a "complete miscarriage of justice" or was "inconsistent with the rudimentary demands of fair procedure." <u>Timmreck</u>, 441 U.S. at 783 (quoting <u>Hill</u> v. <u>United States</u>, 368 U.S. 424, 427 (1962)) (internal quotation marks omitted). This suggests such exceptions might also be available on direct review. The Supreme Court has not directly addressed this question in the context of Rule 11 errors regarding appellate waiver clauses, and we do not address it here. If such a case exists in fact, and not in hypothetical, we will address the issue then.

We enforce the waiver of appeal and dismiss the appeal.