NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 21, 2008
Decided November 12, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 06-3144

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 05 CR 738 |
| DAVID GREEN,<br>*Defendant-Appellant.* | Charles R. Norgle, *Judge* |

**ORDER**

David Green went on a bank robbing spree in August 2005, striking four times over a two-week period. But it wasn't long before the police caught up with him. He was arrested just a few days after his final robbery, and, after receiving *Miranda* warnings and waiving his rights, he confessed to the police. Along with his confession, the government had eye witnesses and surveillance tapes to prove he was the culprit. Wisely, Green decided to cooperate with the government and agreed to plead guilty. In

exchange for his plea, the government promised to dismiss one of the robbery counts, and Green and the government agreed on a guidelines calculation that included a reduction in his offense level in light of his timely acceptance of responsibility. This plea agreement also contained an appeal waiver which states: "the defendant knowingly waives the right to appeal any sentence imposed in accordance with this agreement or the manner in which that sentence was determined . . . in exchange for the concessions made by the United States . . . ."

At the change of plea hearing, the district court went through the plea agreement with Green, repeatedly ensuring that he read and understood that it "spelled out what [his] rights are and what [he] would be giving up by pleading guilty." Green, who testified that he had an associate of arts degree and attended Southern Illinois University, said several times that he personally read the agreement and had no questions about it. The court also confirmed that Green went over the plea agreement with his attorney, both in several face-to-face conversations and over the phone. According to Green, trial counsel explained the rights that he would be giving up by pleading guilty and answered any questions he had regarding the agreement. Before allowing Green to enter his plea, the court paused, giving him a final chance to raise any concerns he had. Having no questions for the court, Green then pleaded guilty. Despite this otherwise thorough colloquy, the court made no explicit mention of the appeal waiver. The district court went on to sentence Green to 70 months of imprisonment, the bottom of his guidelines range.

Despite the appeal waiver, Green filed, pro se, a notice of appeal, arguing primarily that the guidelines range imposed by the court was higher than the one his trial counsel promised he would receive. Green, with new appointed appellate counsel, now argues that his plea was defective because the district court failed to warn him about the appeal waiver during the change-of-plea hearing. Because Green did not raise this issue before the district court, we review it only for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002).

Federal Rule of Criminal Procedure 11(b)(1)(N) directs the district court to "inform the defendant of, and determine that the defendant understands," an appeal waiver before accepting a guilty plea. *United States v. Sura*, 511 F.3d 654, 661 (7th Cir. 2007). The district court failed to do so here. But identifying the error is not the end of the story. Under plain-error review, Green must also show that the mistake affected his substantial rights, or, in more concrete terms, that there is a reasonable probability that, but for the Rule 11 error, he would not have entered the plea. *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004); *Sura*, 511 F.3d at 658.

Green maintains that he did not understand the meaning of the plea agreement and would not have pleaded guilty if he did.  This argument is unpersuasive.  On its face, the appeal waiver is unambiguous--it explains in uncluttered language that Green has a statutory right to appeal his sentence, which he gave up in exchange for the concessions made by the government. *United States v. Edgar*, 348 F.3d 867, 872 (10th Cir. 2003) (noting that the clarity of a plea agreement itself is a relevant consideration). Green, who repeatedly testified that he read and understood the agreement, didn't need to be a legal expert to grasp the meaning of that provision.  Given Green's level of education and his previous experiences with the courts (his criminal record suggests that he was no stranger to the legal system), we take his testimony that he understood the plea agreement at face value.  Further undermining his claim that he misunderstood the waiver, Green testified that he discussed with trial counsel the outlines of the plea agreement, along with the specific rights he would be giving up, which presumably included his right to appeal.  Green confirmed that he had such discussions, both in several face-to-face conversations and over the phone.

What's more, when deciding whether Green's substantial rights were affected, we look to the entire record, not just to the plea proceedings alone. *Dominguez Benitez*, 542 U.S. at 80; *United States v. Borrero-Acevedo*, 533 F.3d 11, 17 (1st Cir. 2008).  Here, the government had overwhelming evidence of Green's guilt, and, consequently, Green had compelling reasons to make a deal and reduce his sentencing exposure.  Despite his (pro se) protestations to the contrary, Green did receive a significant discount on his prison term by pleading guilty.  Green's 70-month sentence falls well below the guidelines range that would have been imposed had he not accepted responsibility for his crimes and received concessions from the government.  With such a strong case against him, its difficult to see how the omission of the appellate waiver warning from the bench had any affect on Green's decision to plead guilty.

Accordingly, we DISMISS this appeal.