**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 07-2774

UNITED STATES OF AMERICA,

Appellee,

v.

SHAWN L. POELLNITZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.

Raymond J. Rigat on brief for appellant.
Maxim Grinberg, Assistant U.S. Attorney, and Michael J. Sullivan, United States Attorney, on brief for appellee.

December 10, 2008

**Per Curiam**.  Shawn Poellnitz was indicted in the United States District Court for the Western District of Pennsylvania on five counts of wire fraud.  Shortly after his indictment, he expressed his desire to plead guilty and consented to the transfer of his case to the District of Massachusetts (where he was then serving a sentence for a prior federal offense)[1] for his guilty plea and sentencing, as permitted by Rule 20(a) of the Federal Rules of Criminal Procedure.  Once the case was transferred to Massachusetts, he pled guilty and was sentenced to 18 months' imprisonment, the bottom of the applicable guidelines range as determined by the district court, consecutive to the federal sentence he was already serving.  He now appeals from his conviction and sentence.  For the following reasons, we grant the government's motion for summary disposition and affirm the sentence.

On appeal, defendant argues, for the first time, that his guilty plea was involuntary because it was motivated by his desire to remain at FMC Devens, where he could receive needed medical care, and because he was not aware when he pled guilty that he could have sought a transfer to Massachusetts "for convenience"

---

[1]See United States v. Poellnitz, No. 06-3027, 257 F. App'x 523 (3d Cir. Dec. 6, 2007) (unpublished) (affirming defendant's conviction for the prior offense). Remarkably, the instant offense was committed the day before and several days after defendant was sentenced for the immediately prior one.

under Rule 21 without pleading guilty and waiving his right to a trial.

Where, as here, defendant did not seek to withdraw his guilty plea in the district court, this court reviews the sufficiency of the plea colloquy only for plain error. United States v. Vonn, 535 U.S. 55, 58-59 (2002); United States v. Borrero-Acevedo, 533 F.3d 11, 15 (1st Cir. 2008). Under that standard, defendant must show that there is "(1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness integrity or public reputation of judicial proceedings." Borrero-Acevedo, 533 F.3d at 15 (quotation marks and citations omitted). That "tough[] standard," id., is not satisfied here.

Although the district court did not advise defendant that he could have sought a transfer under Rule 21 without pleading guilty, nothing in Rule 11 or elsewhere required it to do so. Indeed, as the district court acknowledged, its jurisdiction, as the receiving district under Rule 20, was limited to accepting defendant's guilty plea and sentencing him. If defendant decided not to plead guilty, then the court's only option was to transfer the case back to the Western District of Pennsylvania. The district court in Massachusetts had no power to transfer the case

to itself under Rule 21; any motion under that rule would have had to have been made in the court where the proceeding began.

The district court did, however, take pains to ensure that defendant's guilty plea was voluntary. At a hearing on defense counsel's motion to withdraw, which preceded the Rule 11 hearing, defense counsel assured the court that the breakdown between him and his client had nothing to do with the guilty plea and that defendant still wanted to plead guilty. Nevertheless, after denying the motion to withdraw, rather than proceed to the Rule 11 hearing, which had been scheduled for the same day, the court gave defendant three weeks to consult with his counsel and think about whether he wanted to plead guilty or to have the case transferred back to Pennsylvania. At the outset of the ensuing Rule 11 hearing, the court confirmed that defendant still wanted to plead guilty. At the end of the plea colloquy, the court again confirmed defendant's desire to plead guilty and, finding defendant to be competent and to be acting knowingly and voluntarily, the court accepted his plea. We therefore see no error, plain or otherwise, in the plea colloquy. Indeed, if the court had rejected defendant's plea simply because it was motivated by his desire to remain in Massachusetts, that would conflict with the very purpose of Rule 20, i.e., "to benefit defendants by sparing them the hardships associated with appearance and trial in another jurisdiction." In re Arvedon, 523 F.2d 914, 916 (1st Cir. 1975).

Moreover, any error that occurred would not satisfy the third prong of the plain-error standard, i.e., "'a reasonable probability that, but for the error, [defendant] would not have entered the plea.'" Borrero-Acevedo, 533 F.3d at 16 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 78 (2004)). Given defendant's unwavering determination to plead guilty, despite several opportunities to change his mind, there is no indication that, had he been aware of the possibility of seeking a transfer under Rule 21, he would not have pled guilty.

Defendant next argues that the district court miscalculated the loss amount by failing to credit him with the value of the property returned to the victim of the wire fraud before defendant was arrested. If such a credit had been applied, the loss amount would have fallen below $5,000 and no enhancement would apply under U.S.S.G. § 2B1.1(1)(a) (providing for no increase in the base offense level where the amount of loss is $5,000 or less).

This argument was first made in defendant's pro se post-judgment motion to correct his sentence under Rule 35(a) of the Federal Rules of Criminal Procedure, which the district court denied without explanation. Whether viewed as an argument that the district court erred or abused its discretion in denying the Rule 35(a) motion or plainly erred in applying the guidelines at sentencing, this argument fails.

-5-

Assuming--without deciding--that this court has jurisdiction to review the district court's denial of relief under Rule 35(a) despite the absence of a notice of appeal from that ruling, but see United States v. Cartwright, 413 F.3d 1295, 1300 (11th Cir. 2005) (under those circumstances, finding no jurisdiction to review the district court's denial of a Rule 35(a) motion), the district court did not err or abuse its discretion in denying the motion.  The district court's authority under Rule 35(a) "to correct a sentence that resulted from arithmetical, technical, or other clear error"[2] was "intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action."  Fed. R. Crim. P. 35, advisory comm. notes (1991 amends.); see also United States v. Aqua-Leisure Indus., Inc., 150 F.3d 95, 96 (1st Cir. 1998).  The guidelines application error alleged here is not of that ilk; Rule 35(a) was "not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines." Fed. R. Crim. P. 35, advisory comm. notes (1991 amends.).

Nor did the district court plainly err at sentencing in failing to credit defendant for the value of the returned property.

---

[2]That authority formerly appeared in Rule 35(c).  Fed. R. Crim. P. 35, advisory comm. notes (2002 amends.).

In arguing that he was entitled to such a credit, defendant relies on application note 3(E)(i) to U.S.S.G. § 2B1.1, which allows the amount of loss to be reduced only by the value of property returned "before the offense was detected."  Under that note, "[t]he time of detection of the offense is the earlier of (I) the time the offense was discovered by a victim or government agency; or (II) the time the defendant knew or reasonably should have known that the offense was detected or about to be detected by a victim or government agency."  U.S.S.G. § 2B1.1, comment. (n.3(E)(i)).  Based on defendant's admissions that he purchased equipment from the victim using a wire transfer of funds, knowing that the account from which the transfer was made was closed and contained no funds, and that he returned a portion of the equipment shipped to him by the victim only after the wire transfer was reversed by the bank and the victim called him to complain, the district court could reasonably infer that at the time that defendant returned the equipment, he knew or reasonably should have known that the offense was detected or about to be detected by the victim.  Therefore, the district court committed no error, plain or otherwise, in not crediting defendant for the value of the returned equipment.

Finally, defendant challenges the substantive reasonableness of his sentence.  Particularly after Rita v. United States, 127 S. Ct. 2456 (2007), "[a] defendant who wishes to attack 'an in-guideline-range sentence as excessive' must 'adduce fairly

-7-

powerful mitigating reasons and persuade [this court] that the district judge was unreasonable in balancing pros and cons despite the latitude implicit in saying that a sentence must be "reasonable."'" United States v. Beatty, 538 F.3d 8, 17 (1st Cir. 2008) (quoting United States v. Navedo-Concepción, 450 F.3d 54, 59 (1st Cir. 2006)).  Here, the gist of defendant's argument is that the district court should have given more weight to his medical problems and the relatively minor nature of the instant offense and less weight to his apparently uncontrollable penchant for committing similar offenses.  However, given the deference due to the district court's balancing of the applicable factors, United States v. Deppe, 509 F.3d 54, 62 (1st Cir. 2007); United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006), such an argument is usually unavailing, see, e.g., id., and this case is no exception.

Affirmed.  See 1st Cir. R. 27.0(c).