**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 11-1263

UNITED STATES,

Appellee,

v.

ANGEL LUIS NERIS-RUIZ,
a/k/a Bam Bam, a/k/a Angel Luis Neriz-Ortiz,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Chief Judge,

Howard and Thompson, Circuit Judges.

Angel Luis Neris-Ruiz on brief pro se.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Julia M. Meconiates, Assistant U.S. Attorney, and Rosa Emilia Rodriguez-Velez, on brief for appellee.

December 5, 2012

**Per Curiam**.  In this direct criminal appeal, Angel Luis Neriz-Ruiz challenges his guilty plea conviction.  After careful review of the parties' appellate filings and the underlying criminal record, we conclude that the district court's judgment should be affirmed.

1.  We conclude that Neris-Ruiz knowingly and voluntarily agreed that if he received a 20-year sentence, which he did, he would waive his right to appeal his sentence and "the judgment in this case."  In addition, he has not shown that, on this record, enforcing his appeal waiver works a miscarriage of justice.  See Sotirion v. United States, 617 F.3d 27, 33 (1st Cir. 2010) (the court enforces knowing and voluntary appeal waivers if doing so results in no miscarriage of justice).  It is true that, during the change-of-plea hearing, the district court gave somewhat different descriptions of Neris-Ruiz's appeal waiver.  But, ultimately, there was no ambiguity in its scope, as the hearing transcript confirms. When the district court first stated that the appeal waiver applied to Neris-Ruiz's sentence, the court apparently did so to ensure that Neris-Ruiz knew that if he received the sentence he had agreed to, he could not appeal it.  At the same time, however, the court emphasized, both before and after so describing the appeal waiver, that it would later give fuller details of the terms of the parties' oral plea agreement.  And, subsequently, the court unequivocally informed Neris-Ruiz that he had agreed that if he

received a 20-year sentence, he would waive his right to file "any appeal," that any appeal of his would be dismissed, and that he could not "appeal the sentence and judgment in this case." Equally unequivocally, Neris-Ruiz confirmed that he understood that fact, and he agreed that nothing the court had said was a surprise to him. Under the circumstances, we conclude that we should enforce the appeal waiver.

2. In any event, if Neris-Ruiz's unpreserved claims of error under Fed. R. Crim. P. 11 were properly before us, we would deny them because the plea hearing transcript shows that the district court substantially complied with Rule 11 requirements. In short, there was no plain error. See United States v. Borrero-Acevedo, 533 F.3d 11, 15-16 (1st Cir. 2008) (applicable review standard).

3. We dismiss Neris-Ruiz's ineffective assistance of trial counsel claims without prejudice; if he wishes, Neris-Ruiz may pursue them in a timely-filed 28 U.S.C. § 2255 motion. See United States v. Torres-Oliveras, 583 F.3d 37, 43 (1st Cir. 2009) (fact-specific claims of ineffective assistance may not be raised on direct appeal).

The ineffective assistance claims are dismissed without prejudice. The judgment of the district court is affirmed.