# United States Court of Appeals
## For the First Circuit

No. 16-2008

UNITED STATES OF AMERICA,

Appellee,

v.

ISMAEL REYES-RIVAS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. Garcia-Gregory, <u>U.S. District Judge</u>]

Before

Howard, <u>Chief Judge</u>,
Selya and Barron, <u>Circuit Judges</u>.

<u>Franco L. Pérez-Redondo</u>, Research & Writing Specialist, with whom <u>Eric A. Vos</u>, Federal Public Defender, and <u>Vivianne M. Marrero-Torres</u>, Assistant Federal Public Defender, were on brief, for appellant.
<u>Mainon A. Schwartz</u>, Assistant United States Attorney, with whom <u>Rosa Emilia Rodríguez-Vélez</u>, United States Attorney, and <u>Mariana E. Bauzá-Almonte</u>, Assistant United States Attorney, were on brief, for appellee.

November 28, 2018

**BARRON**, **Circuit Judge**.  Ismael Reyes-Rivas ("Reyes") challenges his sentence of 77 months of imprisonment on the grounds (1) that he was improperly subjected to the career offender enhancement, U.S.S.G. § 4B1.1, because one of his predicate crimes did not qualify as a "crime of violence" under the career offender guideline and (2) that the District Court impermissibly considered an untranslated Spanish-language document in violation of the Jones Act, 48 U.S.C. § 864.  For the reasons that follow, we **vacate** and **remand** for further proceedings.

## I.

In 2015, Reyes was indicted in the District of Puerto Rico on one count of assault with a dangerous weapon, see 18 U.S.C. § 113(a)(3), for stabbing a fellow prisoner with a "homemade weapon."  Reyes pleaded guilty to that offense, and his case proceeded to sentencing.

On April 28, 2016, the Probation Office released a Presentence Report ("PSR") in Reyes's case.  The PSR classified Reyes as a career offender.  See U.S.S.G. § 4B1.1(a).  Under U.S.S.G. § 4B1.1(a), a "career offender" includes "those defendants who have two prior convictions, whether for a 'controlled substance offense,' any 'crime of violence,' or any combination thereof."  United States v. Steed, 879 F.3d 440, 443 (1st Cir. 2018) (internal citations omitted).

At the time of Reyes's sentencing, the career offender guideline defined a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— (l) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2015).  Thus, an offense could fit within the then-operative "crime of violence" definition if it were encompassed by that definition's force clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another"), enumerated offenses clause ("is burglary of a dwelling, arson, or extortion, involves use of explosives"), or residual clause ("otherwise involves conduct that presents a serious potential risk of physical injury to another").

The PSR determined, without express references to any of the clauses just referenced, that Reyes qualified as a "career offender" because he had two prior convictions for "crimes of violence."  Those convictions were a 2014 federal carjacking conviction, see 18 U.S.C. § 2119(1), and a 2012 Puerto Rico conviction for aggravated battery, see P.R. Laws. Ann. tit. 33 § 4750.

To determine whether a prior conviction qualifies as a "crime of violence," we apply the "categorical approach." United States v. Dávila-Félix, 667 F.3d 47, 55 (1st Cir. 2011) (citing Taylor v. United States, 495 U.S. 575, 600-02 (1990)). Under that approach, "we look to the statutory definition of the offense in question, as opposed to the particular facts underlying the conviction." United States v. Piper, 35 F.3d 611, 619 (1st Cir. 1994).

The conviction that is at issue in this appeal is the one for aggravated battery. The Puerto Rico aggravated battery statute provides that:

> If the battery described in § 4749 [misdemeanor simple battery] of this title causes an injury that does not leave permanent harm, but requires medical attention, specialized professional outpatient treatment, shall incur a fourth degree felony.
>
> If the battery causes an injury that requires hospitalization or extended treatment, or causes permanent harm, the perpetrator shall incur a third degree felony. This modality also includes mayhem, those that transmit an illness, syndrome or condition requiring prolonged physical treatment, or those that require prolonged psycho-emotional treatment.

P.R. Laws. Ann. tit. 33 § 4750. A separate provision of that statute defines simple battery as occurring when "[a]ny person who illegally through any means or form inflicts injury to the bodily integrity of another[.]" Id. § 4749.

- 4 -

Reyes objected to the PSR on the ground that his conviction for aggravated battery was not a "crime of violence." The Probation Office responded to Reyes's objection with an email that stated that Reyes's conviction was for "fourth degree aggravated battery" and that this conviction was for an offense that qualified as a "crime of violence"[1] under the "force clause." The government asserted the same conclusion in its Response to the Defendant's Objection to the Presentence Report.

To support that assertion, the government attached as "Exhibit 1" a Spanish-language copy of a Puerto Rico judgment of conviction for the offense at issue and requested that the District Court grant the government ten days to file a certified translation of the judgment. The government did not thereafter file a translation.

The District Court then held a sentencing hearing on June 24, 2016. Reyes argued at the hearing that the aggravated battery conviction did not qualify as a "crime of violence." Specifically, he contended that the "crime of violence"

---

[1] Although an aggravated battery conviction in the third degree is more serious than a conviction in the fourth degree, the third-degree variant expressly covers injuries "that transmit an illness . . . or those that require prolonged psycho-emotional treatment." P.R. Laws. Ann. tit. 33 § 4750. The fourth-degree variant, on the other hand, does not mention those types of injuries. Thus, according to the parties, there is more ambiguity that a third-degree conviction would require physical force or present risk of physical injury such that it would fall within the crime of violence definition.

definition's enumerated offenses clause did not encompass his offense of conviction because that offense was not "burglary of a dwelling, arson, or extortion" and did not "involve[] use of explosives." U.S.S.G. § 4B1.2(a)(2) (2015). Reyes also argued that the "crime of violence" definition's residual clause could not encompass his offense of conviction because that clause was unconstitutional under Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) ("Johnson II"), which had struck down as unconstitutionally vague an analogous residual clause in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B). Finally, Reyes argued that the "crime of violence" definition's force clause did not encompass his offense of conviction because, he contended, that offense did not have as an element the use or threatened use of "force capable of causing physical pain or injury to another person." See Johnson v. United States, 559 U.S. 133, 140 (2010) ("Johnson I").

For its part, the government made no argument at the hearing that Reyes's offense of conviction qualified as a "crime of violence" based on either the enumerated offenses clause or the residual clause. Instead, the government informed the District Court that it was proceeding on the understanding that the residual clause was, as Reyes contended, unconstitutional under Johnson II. But, the government argued, Reyes's conviction for aggravated battery did qualify as a "crime of violence" under the force clause

because that offense had as an element the infliction of bodily injury requiring medical attention and thus necessarily required the use of the degree of force that the Supreme Court had determined was necessary to satisfy that clause.

In presenting their conflicting arguments at the hearing about the career offender guideline's application to Reyes's conviction, neither Reyes nor the government directly addressed whether Reyes's conviction was for aggravated battery in the third or fourth degree. Nor did either Reyes or the government directly address whether the aggravated battery statute was divisible along that dimension, such that a conviction under the statute could be for one of the two variants rather than for aggravated battery as a categorical whole.

The District Court then ruled that, based on "the arguments that [it had] heard," Reyes's aggravated battery conviction qualified as a "crime of violence" and that Reyes was thus a career offender. On the basis of that conclusion, the District Court assigned Reyes a guideline sentencing range of 77 to 96 months of imprisonment. The District Court sentenced Reyes to a prison sentence at the low end of that range: 77 months.

Reyes next filed a motion for reconsideration, in which he argued for a reduced term of imprisonment based on factors in 18 U.S.C. § 3553(a). The District Court does not appear to have ruled on this motion.

Reyes filed a timely notice of appeal of his sentence, and the government thereafter filed a "motion requesting certification and forwarding of modified record on appeal." In that motion, the government stated that it had failed to file a translated version of the judgment of Reyes's aggravated battery conviction and requested to supplement the record on appeal pursuant to Federal Rule of Appellate Procedure 10(e)(2)(B) by including the translated document. The District Court granted the government's motion.

At that point, Reyes filed an opposition to the government's motion on the ground that Rule 10(e)(2)(B) "is an inadequate procedural vehicle for curing violations to the Jones Act's English-language requirement." Reyes also filed a second motion for reconsideration, in which he stated that his counsel had changed and that this change had delayed his response to the government's motion to supplement the record with the translated judgment of conviction.

The District Court acknowledged that it had "used an untranslated version [of the state court judgment] at sentencing," granted Reyes's motion for reconsideration, and vacated the order granting the government's motion for certification and forwarding of supplemental record on appeal. Prior to oral argument in this appeal, however, the government moved for summary disposition. In doing so, the government admitted that "due to an oversight, the

translation [of the judgment of conviction] was not filed" and requested that we remand the case for de novo resentencing because "the record appears to have been insufficiently developed for applying the modified categorical approach on appeal." Reyes opposed that motion on that ground that any remand should be limited in scope and should preclude the government from presenting new evidence of Reyes's prior conviction. We denied the government's motion, and the case proceeded to oral argument.

## II.

Reyes contends on appeal that, under the Jones Act, the District Court's use of the untranslated judgment of conviction at his sentencing requires that we vacate his sentence. The Jones Act "requires that '[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico . . . be conducted in the English language.'" United States v. Rivera-Rosario, 300 F.3d 1, 5-6 (1st Cir. 2002) (alteration in original) (quoting 48 U.S.C. § 864).

The government contends that there was no violation of the Jones Act because the District Court did not consider the untranslated document in determining Reyes's sentence. The government does not dispute, however, that it provided the District Court with an untranslated copy of the judgment of conviction. See Rivera-Rosario, 300 F.3d at 5-6 (noting neither party disputed that there was a Jones Act violation where the government provided

untranslated Spanish language materials to the District Court). Moreover, the District Court itself stated in an order that it had "used an untranslated version [of the state court judgment] at sentencing." (emphasis added). We thus conclude that there was a Jones Act violation, see United States v. Millán-Isaac, 749 F.3d 57, 64 (1st Cir. 2014), and the government makes no argument that, insofar as there was a violation, the sentence may stand. See Rivera-Rosario, 300 F.3d at 10 ("[V]iolations of the English language requirement will constitute reversible error whenever the appellant can demonstrate that the untranslated evidence has the potential to affect the disposition of an issue raised on appeal. Absent that potential, there is no prejudice from the violation of the Jones Act that warrants relief.")

We do note that the government -- apparently on the assumption that no Jones Act violation occurred -- does separately argue that Reyes's conviction qualifies as one for a "crime of violence." In pressing that contention on appeal, however, the government has abandoned the argument that it made below -- namely, that Reyes's conviction qualifies as a "crime of violence" under the force clause. Rather, the government now argues that, in light of Beckles v. United States, 137 S. Ct. 886 (2017), which was decided after Reyes's sentencing, "[Reyes's] conviction for fourth-degree aggravated battery qualifies as a crime of violence under the residual clause," (emphasis added). See id. at 892

- 10 -

(holding that, notwithstanding Johnson II, the residual clause in the career offender guideline is not unconstitutionally vague).[2]

But, because the Jones Act requires that we set aside the untranslated document concerning Reyes's judgment of conviction, we have no basis for concluding that the District Court permissibly found that Reyes's conviction was for aggravated battery in the fourth degree. Nor does the government argue otherwise. In fact, the government asserts that the District Court "focused solely on the question of whether [the statutory offense of aggravated battery], as a categorical whole, qualified as a crime of violence under the force clause." And thus we have no reason to consider the government's new argument for finding that Reyes's conviction qualifies as a crime of violence, as the government at no point argues to us that the residual clause encompasses the offense of aggravated battery even if it is in the fourth degree.

Accordingly, we vacate and remand the sentence. That way, the District Court may determine on the basis of the record

---

[2] While arguments not made before the District Court are ordinarily deemed waived, see Me. Green Party v. Me., Sec'y of State, 173 F.3d 1, 4 (1st Cir. 1999), we have held that where a party relied on Johnson II in waiving an argument on the assumption that the Guidelines' residual clause was unconstitutional -- like the government did here -- "[w]e are not bound by [that party's] concession, which, while understandable before Beckles, turned out to be incorrect," United States v. Thompson, 851 F.3d 129, 131 (1st Cir. 2017).

as it existed at the time of sentencing, but without consideration of the untranslated document that it "used" at that sentencing, the type of aggravated battery of which Reyes was convicted and whether that offense is a "crime of violence."[3]

We note, moreover, that the government is limited in the arguments that it may make on remand regarding the application of the career offender guideline. The government chose to abandon on appeal the only ground that the District Court appears to have relied upon below in finding, "based on the arguments that [it had] heard," that the offense was a "crime of violence" -- namely, that Reyes committed an offense encompassed by the force clause of the career offender guideline's "crime of violence" definition. Instead, the government chose to defend the sentence -- insofar as it was not tainted by a Jones Act violation -- solely by contending that the residual clause encompasses fourth-degree aggravated

---

[3] We note in this regard that the untranslated document was not in evidence and thus any certified translation of the same document would necessarily constitute new evidence. But, we have not allowed the government to introduce additional evidence in cases "where the government asked for the enhancement but failed to adduce sufficient proof for its imposition -- a situation in which there would not likely be reason to permit a second bite at the apple." United States v. Román-Huertas, 848 F.3d 72, 78 (1st Cir. 2017) (quoting United States v. Montero-Montero, 370 F.3d 121, 124 (1st Cir. 2004)). In cases like Reyes's, the government "had every incentive to ensure that the [D]istrict [C]ourt relied only on evidence presented in the English language," id., and therefore the government may not present new evidence of Reyes's prior conviction on remand.

battery and that Reyes was convicted of that variant of the offense and no other.  It is thus limited to that argument on remand.

We make one final observation.  The District Court is bound on remand to apply the version of the Sentencing Guidelines that contained the residual clause, just as it relied on that version of the guidelines (though not the clause itself) when it sentenced Reyes the first time.  See 18 U.S.C. § 3742(g)(1) ("[T]he court shall apply the guidelines issued by the Sentencing Commission . . . that were in effect on the date of the previous sentencing of the defendant prior to the appeal.").  But, we note that the United States Sentencing Commission, five months prior to Reyes's original sentencing, voted to adopt an amendment that would eliminate the residual clause from the definition of "crime of violence" in the Guidelines.  See U.S. Sentencing Comm'n, U.S. Sentencing Commission Adopts Amendment to Definition of "Crime of Violence" in Federal Sentencing Guidelines and Proposes Additional Amendments (Jan. 8, 2016), https://www.ussc.gov/about/news/press-releases/january-8-2016.  Therefore, although the amendment itself was not effective until August 1, 2016, about a month after Reyes's June 24 sentencing, the District Court would have been aware of the upcoming change.  See Supplement to the 2015 Guidelines Manual, Appendix C, amendment 798 (U.S. Sentencing Comm'n 2016).  We leave it to the District Court to determine in the first instance what impact, if any, those actions by the Commission should have on

sentencing Reyes in the event that the District Court were to determine (for the first time) that, solely in consequence of the residual clause, his conviction was for a "crime of violence."

### III.

For the foregoing reasons, we **vacate** Reyes's sentence and **remand** for resentencing consistent with this opinion.