# United States Court of Appeals
## For the First Circuit

No. 16-1690

UNITED STATES,

Appellee,

v.

KENNY O. PACHECO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

---

Before

Kayatta, Circuit Judge,
Souter,* Associate Justice,
and Selya, Circuit Judge.

---

Jean C. LaRocque on brief for appellant.
Rosa Emilia Rodriguez-Velez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, and Francisco A. Besosa-Martínez, Assistant United States Attorney, on brief for appellee.

---

April 5, 2019

---

* Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER**, **Associate Justice**. Defendant Kenny Pacheco pleaded guilty to conspiracy under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d), and to using or carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). The District Court imposed consecutive sentences of 70 months in prison on the first offense and 60 months on the second. On appeal, Pacheco argues that his firearms conviction and sentence duplicate his prior conviction and sentence for a firearms offense under Puerto Rico law, and thus violate the Fifth Amendment's guarantee against double jeopardy.

We conclude that the record as presented here does not permit evaluation of Pacheco's double jeopardy claim, containing as it does only the untranslated, Spanish-language judicial documentation of the Puerto Rico firearms conviction. This is inadequate by the terms of the Jones Act, 48 U.S.C. § 864, which prohibits federal courts from considering untranslated documents. We accordingly dismiss the appeal, but we do so without prejudice to Pacheco's right to raise his double jeopardy claim on the basis of translated records in future, collateral-review proceedings.

**I**

Before reaching the difficulty with the double jeopardy claim, however, we must resolve a threshold issue: whether

- 2 -

Pacheco's plea agreement waiving his right to appeal in some circumstances bars the claim on appeal.  We conclude it does not.

A waiver of appellate rights is enforceable provided that, among other things, the defendant "enter[ed] into the waiver 'knowingly and voluntarily.'"  Sotirion v. United States, 617 F.3d 27, 33 (1st Cir. 2010) (quoting United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001)).  The "text of the written plea agreement and the change-of-plea colloquy are of critical importance" to the necessary enquiry, id.: a waiver may be treated as knowing and voluntary if the written plea agreement "clearly delineates the scope of the waiver," United States v. González-Colón, 582 F.3d 124, 127 (1st Cir. 2009), and if the change-of-plea colloquy shows that "the district court specifically inquired . . . about the waiver" by "questioning of the defendant" sufficient to establish "that the waiver was knowing and voluntary," id., with respect to any subsequently contested scope.

The appeal waiver in Pacheco's plea agreement provided that he "knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that [he] is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement."  Plea Agreement ¶ 9.  If our enquiry ended there, the absence of any dispute that the total of Pacheco's two sentences was "in accordance with the[se] terms and conditions" would point to an

effective knowing and voluntary waiver of the right to appeal the ensuing judgment and sentence actually imposed.

As just explained, however, reference to the text does not mark the end of the enquiry, for we also look to the change-of-plea colloquy. Teeter, 257 F.3d at 24. At Pacheco's colloquy, the judge detailed the scope of Pacheco's waiver: "There may be a waiver of appeal in your particular Plea Agreements, but there is always the possibility of the right to appeal if a sentence is imposed illegally." Change-of-Plea Tr. 31-32.

In stating that Pacheco could argue on appeal that his sentence was "imposed illegally," the judge seemed to "contradict the terms of the written waiver," Sotirion, 617 F.3d at 35, and he offered no "correction" or modification of that statement during the rest of the colloquy, Teeter, 257 F.3d at 27. To be sure, at a later point, the judge did tell Pacheco that he would be "waiving [his] right to appeal" if he was "sentenced according to the stipulations that appear in the Plea Agreement." Change-of-Plea Tr. 45. But the judge never told Pacheco that this subsequent statement meant that he would be foreclosed from arguing on appeal that such a sentence was "imposed illegally," id. at 32, or that a sentence is "imposed illegally" only if it conflicts with "the stipulations that appear in the Plea Agreement," id. at 32, 45.

The upshot is that we "cannot say with the requisite assurance" that Pacheco's surrender of his appellate right "was

- 4 -

sufficiently informed," Teeter, 257 F.3d at 27, insofar as it would extend to a sentence characterized as "imposed illegally," as Pacheco claims of the firearms sentence. Indeed, in practical terms, the judge's explanation during the change-of-plea colloquy instructed Pacheco that his waiver was not as broad as the literal terms of the written agreement, and that he was not waiving the right to appeal any element of the subsequent sentence that could fairly be characterized as an "illegal" imposition. The Government did not object to the judge's explanation of the limit on the waiver, and naturally Pacheco had no objection to conceding less than he originally had bargained for. At his later sentencing hearing, Pacheco confirmed his understanding of the scope of his appeal waiver, making both the court and the Government fully aware of his position, and there were no objections or clarifications. He now seeks to enforce the limited scope of his waiver, as it appears to have been understood by all parties at the conclusion of the plea colloquy. Cf. United States v. Gil-Quezada, 445 F.3d 33, 37 & n.3 (1st Cir. 2006) (judge's comments at later disposition hearing have no bearing on extent of any waiver made at prior plea hearing but may "shed light upon the defendant's understanding at that time").[1]

---

[1] Although our conclusion is a product of the colloquy at the change-of-plea hearing, see Gil-Quezada, 445 F.3d at 36-37, we have noted, as confirmation, that it is a conclusion accepted by the court and both parties at the later sentencing hearing. There,

That is the case here.  Accordingly, the appeal waiver does not bar Pacheco's double jeopardy claim, which "call[s] into question the Government's power to 'constitutionally prosecute' him," Class v. United States, 138 S. Ct. 798, 805 (2018) (quoting United States v. Broce, 488 U.S. 563, 575 (1989)), as the premise of his contention that the ensuing sentence was illegally imposed.

**II**

Pacheco asserts that his federal firearms conviction duplicates his Puerto Rico firearms conviction because the federal conviction does not "require[] proof of a fact" beyond the facts required for his Puerto Rico conviction.  Blockburger v. United States, 284 U.S. 299, 304 (1932).  He says that the federal conviction requires proof that he used or carried a firearm "during and in relation to any crime of violence or drug trafficking crime," 18 U.S.C. § 924(c)(1)(A), and that his Puerto Rico conviction required proof of the same fact:  Puerto Rico law provides that the use of an illegal weapon "to commit or attempt

---

Pacheco's counsel explained that he was "not waiving his constitutional right to raise [a] double jeopardy claim" on appeal, Sentencing Hearing Tr. 7, and that he brought the double jeopardy issue to the District Court's attention so that it would be "understood to the Court that [he was] not waiving that right," id. at 8.  The District Court acknowledged counsel's statements with a one-word answer: "Okay."  Id.  The Government, meanwhile, concedes that it did not object to counsel's statements. Appellee Br. 9.  Because our conclusion does not rest on an "unpreserved Rule 11(b)(1)(N) error," there is no occasion to apply the plain-error standard of review.  United States v. Morillo, 910 F.3d 1, 3 (1st Cir. 2018).

to commit any crime" is "an aggravating circumstance" that increases the statutory maximum punishment.  25 L.P.R.A. § 458c. His position thus depends partly on whether he was convicted of the aggravated version of the Puerto Rico firearms offense.

When we turn to evaluate the merits of this argument, however, we hit a roadblock.  We cannot determine whether Pacheco was convicted of the aggravated version of the Puerto Rico offense because the record on appeal lacks English-language translations of the Spanish documentation of that earlier conviction, an absence that implicates the federal Jones Act.

The Jones Act provides that all "pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language," 48 U.S.C. § 864, and one consequence of the requirement that all "federal court proceedings must be conducted in English," United States v. Rivera-Rosario, 300 F.3d 1, 5 (1st Cir. 2002), is that "federal judges must not consider any untranslated documents placed before them," United States v. Millán-Isaac, 749 F.3d 57, 64 (1st Cir. 2014).  As relevant here, that rule prohibits federal courts from considering any untranslated, "Spanish-language copy of a Puerto Rico judgment of conviction." United States v. Reyes-Rivas, 909 F.3d 466, 468, 470 (1st Cir. 2018).  The Act consequently bars us from taking account of the untranslated court documents bearing on Pacheco's Puerto Rico firearms conviction and

"requires that we set [them] aside" without attempting to render them into English.  Id. at 470.

Since the want of a record compliant with the Jones Act leaves us unable to determine the merits of Pacheco's argument, we dismiss his appeal.  We take no position, however, on the underlying merits of his claim, and this dismissal is without prejudice to his right to raise it again in a future, collateral-review proceeding, as under 28 U.S.C. § 2255.

So ordered.